NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHAKA KWANZAA,

    Plaintiff,

    v.

OFFICER S. FENTON, et al.,

    Defendants.

Civil Action No. 13-7612 (RMB)

**MEMORANDUM OPINION AND ORDER**

---

Plaintiff, confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fee, asserting claims pursuant to 42 U.S.C. § 1983.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. See 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2). The prisoner must obtain

this statement from the appropriate official of each prison at which he was or is confined. See id.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If in forma pauperis status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee as follows. See 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious;

2

(2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.

THEREFORE, it is on this **7th** day of **January** **2014**;

**ORDERED** that Plaintiff's request to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, CIVIL CASE TERMINATED," without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705

F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3d Cir. 2011); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $400 fee (including the $350 filing fee plus the $50 administrative fee); and it is further

**ORDERED** that upon receipt of Plaintiff's complete in forma pauperis application or payment of the filing and administrative fees within the time allotted by this Memorandum Opinion and Order, this Court will direct the Clerk to reopen this matter and screen Plaintiff's complaint for sua sponte dismissal; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, and shall enclose in said mailing a blank application form for prisoners seeking to proceed in forma pauperis in a civil matter.

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**