**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| CHAKA KWANZAA,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER S. FENTON, et al.,<br><br>Defendants. | Civ. No. 13-7612 (RMB)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court upon Plaintiff Chaka Kwanzaa's Motion to Reopen his case that was administratively terminated on January 7, 2014 (Dkt. No. 4). On December 13, 2013, Plaintiff, confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, filed a Complaint (Dkt. No. 1) asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff alleged various civil rights violations arising from Atlantic City Police Officers' alleged arbitrary denials of medical care to Plaintiff. (Complaint, Dkt. No. 1 at 4-6.)

On January 7, 2014, the Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") without prejudice because Plaintiff failed to submit a complete IFP application as required by 28 U.S.C. § 1915(a)(1),(2). (Dkt. No. 2. at 3.) Accordingly, the Court ordered the case administratively terminated. (*Id.*) The

Court further ordered that if Plaintiff wishes to reopen this case, he shall include either (1) a complete, signed IFP application, including a certified six-month prison account statement, or (2) the $400 fee (including the $350 filing fee plus the $50 administrative fee). (*Id.* at 3-4.)

Plaintiff now seeks to reopen his case more than twelve years after the case was administratively terminated. (Motion to Reopen, Dkt. No. 4.) In his motion papers, Plaintiff argues that he was "previously granted [IFP] status" in this case and therefore, the Court should restore his IFP status because his "indigency has continued," "the Court already found [him] eligible," and "no factual or legal basis exists to deny reinstatement." (*Id.* at 2.) Plaintiff further submitted an IFP application on January 29, 2026. (IFP Application, Dkt. No. 5.)

Generally, whether a trial court will reopen a case is discretionary with that court. *See Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 891, 894 n. 6 (3d Cir.1975), *cert. denied*, 425 U.S. 993 (1976). Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based upon a plaintiff's failure to prosecute, to comply with the Federal Rules, or to obey a court order. Fed. R. Civ. P. 41(b). Federal courts have "inherent power" to dismiss an action *sua sponte* based upon a plaintiff's failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation omitted); *see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of

prosecution" (citation, internal citation, and internal quotation marks omitted)). Dismissal of an action under Rule 41(b) lies within the sound discretion of the district court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citation omitted).

When deciding whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court is required to assess and balance six factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Those factors, which are commonly referred to as the "*Poulis* factors," are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868–70.

However, "no single *Poulis* factor is dispositive[,]" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the Poulis factors need be satisfied in order to dismiss a complaint" for a plaintiff's failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted).

The first three *Poulis* factors weigh in favor of dismissing Plaintiff's Motion to Reopen. First, because Plaintiff is proceeding *pro se*, he is personally responsible for his conduct. *See Emerson*, 296 F.3d at 191. Plaintiff has failed to communicate with

the Court regarding the extensive delay in advancing this case as he did not submit a complete IFP application after his initial IFP application was denied, or a motion to reopen the case after the Court issued its January 7, 2014 Order. (Dkt. No. 2.) Second, Plaintiff's failure to advance this case for over twelve years has delayed resolution of this case and weighs in favor of prejudicing Defendants. *See Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021) ("Plaintiff's continued failure to communicate with the court and his continued inaction frustrates and delays the resolution of this case."). "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Third, Plaintiff's filing of his Motion to Reopen over twelve years after the Court's Order shows a history of dilatoriness by failing to take any action for the passage of twelve years, a lengthy period of time. *See Manuel*, No. 1:20-CV-2309, 2021 WL 602723, at *2.

The fourth factor does not squarely apply to this matter because there is no evidence of any willfulness or bad faith on Plaintiff's part. However, any future litigation based on Plaintiff's Complaint would be prejudicial to Defendants, given the amount of time that has passed since the initial filings. As to the fifth factor, alternative sanctions would not be effective in light of the length of time that has elapsed since the Court attempted to guide Plaintiff to file a complete IFP

application and a motion to reopen. (Dkt. No. 2.) Despite that opportunity, Plaintiff failed to take any action to advance this case for over twelve years.

Finally, the sixth factor, involves the meritoriousness of Plaintiff's claims. Even if Plaintiff's claims were meritorious, this factor alone would not prevent dismissal, particularly where the claims are more than ten years old and presumptively barred by the statute of limitations. *See Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)) ("[T]he inclusion of [the sixth factor] is largely neutral and does not change the Court's conclusion that the balance of the Poulis factors supports dismissal of this action."). Therefore, the Court finds that this action, if allowed to proceed, would not proceed beyond the screening review stage, *see* 28 U.S.C. § 1915(e)(2)(B). In sum, the Court finds that the factors weigh in favor of dismissing the action pursuant to Rule 41(b). However, the Court will provide Plaintiff with an opportunity to show cause as to why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) within fourteen (14) days of this Memorandum Order. Accordingly, the Motion to Reopen is denied without prejudice.

**THEREFORE**, it is on this **28th day of July, 2026**,

**ORDERED** that Plaintiff's Motion to Reopen (Dkt. No. 4) is **DENIED** without prejudice pursuant to Rule 41(b); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and the accompanying Opinion on Petitioner by regular U.S. mail; and it is further

**ORDERED** that should Plaintiff fail to show cause within fourteen (14) days as to why this action should not be dismissed for failure to prosecute under Rule 41(b), the Clerk of Court shall **CLOSE** this action.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge